# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMA YATES, L.L.C., et al.,

              Plaintiff(s)

VS.

ARMA CARE CENTER, LLC, et al.

              Defendant(s)

Court No.:  1:15-cv-7171

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, **Charles Reardon**, being first duly sworn on oath depose and state as follows:
I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465.

Type of Process: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Defendant to be served: Bangerter, Lund & Associates, Inc.

**SERVED**/NON-SERVED the within named defendant on: **3·8·2017 @ 4:16** AM/**PM**

ADDRESS WHERE ATTEMPTED OR SERVED:  c/o its Registered Agent Aaron Lund
300 South 200 West, Bountiful, UT, 84010

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
Age **55**   Gender **M**/F   Race **white**   Height **5'8"**   Weight **160**   Hair **Grey**   Glasses Y/**N**

_____ **INDIVIDUAL SERVICE** by delivering to the within named defendant a copy of this process personally. The defendant confirmed that she/he resides at the above address.

_____ **SUBSTITUTE SERVICE** by leaving a copy of this process at his/her usual place of abode with: _____,
(Relationship): _____, a family member or person residing therein who is the age of 13 years or upwards confirmed the defendant resides at the above address and informed that person of the contents thereof and that further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on _____

**X** **CORPORATE OR GOVERNMENT SERVICE** by leaving a copy of this process with **Dan Brklacich** , (Title) **custodian of Records** , a person authorized to accept service and informed that person of the contents thereof.

_____ **POSTED**

_____ **NON-SERVICE** for the reason that after diligent investigation found
_____
_____

**MILITARY** _____
Additional Comments
_____

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the above statements set forth in this instrument are true and correct.

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

State of **UTAH**
County of **SALT LAKE**

Subscribed and sworn before me on **3.8.2017**



Notary Public

Signature of Process Server

**Charles Reardon**
Printed Name of Process Server

JOHN MIYAKE
Notary Public - State of Utah
Comm. Exp. 04/15/2017
Commission # 664563

Page 1 of   File Number 1CS021617
1           Reference Number: 3516816
            Case Number: 1:15-cv-7171
            Doc Generated: 03/06/2017 02:24:10:354 PM

666338_3516816_0_26_V4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Arma Yates, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Arma Care Center, LLC, et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:15-cv-7171

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Bangerter, Lund & Associates, Inc., c/o its Registered Agent Aaron Lund
             300 South 200 West, Bountiful, Utah 840410

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

| Place: Fabian Vancott | Date and Time: |
|---|---|
| 215 South State Street, Suite 1200 Salt Lake City, Utah 84111 | 3/15/2017 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/14/2017

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
_____ , who issues or requests this subpoena, are:

Douglas F. McMeyer, Chapman Spingola, LLP, 190 South LaSalle Street, Suite 3850, Chicago, Illinois 60603

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:15-cv-7171

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                          .

❑ I served the subpoena by delivering a copy to the named person as follows:

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                          .

My fees are $                     for travel and $                   for services, for a total of $     0.00      .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

1.      "BL&A," "you," or "your" as used herein shall mean Bangerter, Lund & Associates, Inc., including its predecessors, successors, parents, subsidiaries, affiliates, departments, divisions, directors, officers, members, managers, employees, shareholders, agents and representatives.

2.      The "Trust" as used herein shall mean the Esther Johnson Trust, including its agents, attorneys, employees, servants, agents, representatives, successors, and assigns.

3.      The "EJFP Entities" as used herein shall mean singularly and/or collectively the following limited liability companies: EJFP III, LLC; EJFP IV, LLC.

4.      The "Partnership" as used herein shall mean the Esther Johnson Family Partners Ltd. including its agents, attorneys, employees, servants, agents, representatives, successors, and assigns.

5.      The "Principals" as used herein shall mean singularly and/or collectively the following: Jon Robertson and/or Shauna R. Robertson including their servants, agents, representatives, successors, and assigns.

6.      The term "RPM" as used herein means Robertson Properties Midwest, LLC, a Utah limited liability company.

7.      The term "document" is used in the broadest sense and includes, but is not limited to, all originals, non-identical copies and drafts thereof.  The term "document" includes, but is not limited to, the following items, whether printed, recorded, or reproduced by mechanical or electronic process, or written or produced by hand: agreements; communications, including intercompany and intra-company communications; letters; electronic mail; instant messages; text

messages; correspondence; telegrams; cables; telexes; memoranda; records; books; summaries of records or papers; graphs; charts; maps; blueprints; diagrams; tables; indices; pictures; recordings; tapes; computer storage media; accounts; analyses and analytical records; memoranda of telephone calls; minutes or records of meetings or conferences; reports or summaries of interviews; transcripts; reports; microfilm; microfiche; telecopies; faxes; computer printouts; ledgers; photographs; videotapes; schedules; wiring diagrams; logic diagrams; diaries; calendars; day-timers; logs; reports or summaries of investigations; opinions or reports of consultants; appraisals; evaluations; reports or summaries of negotiations; brochures; bulletins; pamphlets; circulars; advertising literature; magazine and newspaper articles or advertisements; trade letters; press releases; contracts; notes; drafts; projections; working papers; ledgers; checks (front and back); check stubs; receipts; and other documents, papers, or writings of whatever description including, but not limited to, any information contained in any computer or electronic information storage and retrieval device.

8.     Documents or communications that "refer to," "relate to" or which "evidence" a given subject, mean any document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes or is in any way pertinent to that subject, including without limitation documents concerning the presentation of other documents.

9.     The terms "person," "individual," or "entity" as used herein shall mean any individual, corporation, partnership, joint venture, association, proprietorship, agency, board, authority, commission or other such entity.

10.     "Communication," "communicate," and "communicated" as used herein mean any oral or written utterance, notation or statement of any nature whatsoever, by or to whomsoever

made, including, but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, between two or more persons.

11.     "ESI" shall mean all electronically stored information, including: databases; data files; program files; image files (*e.g.*, jpeg, tiff); e-mail messages and files; voice-mail messages and files; text messages; temporary files; system-history files; deleted files, programs, or e-mails; backup files and archival tapes; website files; website information stored in textual, graphical, or audio format; cache files; and cookies.

12.     "Native Format" as used herein shall mean the form in which any ESI was created and used in the normal course of business.

13.     "Active Data" shall mean ESI that is currently being created, received or processed, or that needs to be accessed frequently and quickly.  The term "Active Data" also includes information located in a computer system's memory or in storage media attached to the system (*e.g.*, disk drives, network databases).

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Subpoena all documents that might otherwise be construed outside of its scope.

15.     The terms "all" and "each" shall be construed as "and," "each," and "and/or."

16.     The term "any" should be understood in either its most or least inclusive sense as will bring within the scope of the Subpoena all documents that might otherwise be construed to be out of its scope.

17.     The singular includes the plural in number and vice versa.  The masculine includes the feminine and neuter genders.  The past tense includes the present tense whether the clear meaning is not distorted by change of tense.

18.     If any documents were, but are no longer, in your possession, custody or control, please produce any and all documents that relate to the disposition of the requested document.

19.     Except as otherwise provided herein, this Subpoena calls for production of any and all responsive documents existing, offered, created, promulgated, disseminated and/or otherwise written during the period of January 1, 2010, through the present.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, financial statements (audited and unaudited), combined, consolidated or otherwise, relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

2.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, statements of financial condition relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

3.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, internal or external reports, memoranda, findings, and the like relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

4.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, special purpose reports relating to the Trust, Partnership, and/or any of the EJFP Entities.

5.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, internal control reports relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

6.      Any and all documents data, and tangible things that refer to, relate to, or evidence, directly or indirectly, going-concern reports, memoranda, findings or the like relating to the Trust, Partnership, and/or any of the EJFP Entities.

7.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, cost reports, including home office cost reports, relating to the Trust, Partnership, and/or any of the EJFP Entities.

8.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, permanent files relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

9.      Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, audit files relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

10.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, tax files relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

11.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, work papers relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

12.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, tax returns relating to the Trust, Partnership, any of the EJFP Entities, and/or the Principals.

13.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, business valuations relating to the Trust, Partnership, and/or any of the EJFP Entities.

14.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, loans, advances or transfers made by the Trust, Partnership, and/or any of the EJFP Entities to any of the Principals from January 1, 2010, through the present

15.     Any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, the repayment (in whole or in part) of any loan, advance or transfer by any

of the Principals to the Trust, Partnership, and/or any of the EJFP Entities from January 1, 2010, through the present

16.     To the extent not heretofore encompassed, any and all documents, data, and tangible things that refer to, relate to, or evidence, directly or indirectly, communications relating to the ownership, control, leasehold interest, operations, or financial condition of the Trust, Partnership, and/or any of the EJFP Entities.

17.     All ESI responsive to any of the foregoing requests that exists in Your Active Data. Please produce ESI responsive to this request in either Native Format or as hard-copy documents. In the event that any ESI responsive to the foregoing requests has been archived for long-term storage (*e.g.,* backup tape, offline storage), please do not produce the ESI. Instead, identify the: (1) ESI; (2) location of the ESI; (3) format of the ESI; and (4) custodian of records for the ESI.

18.     Any and all documents, data, and tangible things that evidence, directly or indirectly, the interests, ownership or lease, beneficial, direct or indirect, of the Trust, Partnership, any of RPM, the EJFP entities, or the Principals in the following entities:

- SCP 2009-C34-068 LLC, a Delaware limited liability company;
- C Cleveland OH 2008, LLC, a Delaware limited liability company;
- The owner of real property located at 733 West Market Street, Tiffin, Ohio;
- The owner of real property located at 8059 Darrow Road, Twinsburg, Ohio; and
- The owner of real property located at 8000 Euclid Avenue, Cleveland, Ohio.
- Revco Discount Drug Centers, Inc.