# EXHIBIT E

**From:** Pattison, Bryan J. [mailto:bpattison@djplaw.com]
**Sent:** Friday, March 31, 2017 4:42 PM
**To:** Douglas McMeyer <dmcmeyer@chapmanspingola.com>
**Subject:** Arma Yates LLC v. Arma Care Center LLC - No. 1:15-cv-7171 - subpoena issued to Bangerter Lund & Associates

Doug,

I have reviewed the subpoena issued to my client, Bangerter Lund, as well as your letter dated March 16, 2017.  As you know, my client timely responded to the subpoena by letter dated March 14, objecting on the grounds that it was prohibited by applicable law from disclosing the information without the consent of the taxpayer.  *See* 26 U.S.C. § 7216; 26 CFR § 301.7216-2.  You indicate in your March 16 letter that the subpoena falls within an exception under 26 CFR § 301.7216-2(f)(1) as an "order of any court of record, Federal, State, or local."  You then provide citations to various Seventh Circuit cases that generally stand for the proposition that a subpoena can be considered a court order.  However, none of these cases specifically address the statute or regulation at issue.

In fact, when you review the entirety of the regulation and the exceptions under subsection (f), it expressly references the term "subpoena" only in connection with specific governmental bodies and agencies.  *See id*. § 301.7216-2(f)(2) (grand juries); (3) (Congress); (4)(i) (defined federal agencies); and (4)(ii) (defined state agencies).  In other words, the way the regulation reads as a whole, it appears that release is authorized by subpoena only from these specific governmental bodies.  If a subpoena was intended to qualify as a court order under subsection (f)(1), the regulation would have expressly said so given that the term is actually used in each of the subsections that follow.  *See e.g.*, 2B Sutherland Statutory Construction § 51:2 (7th ed.) (where "a legislature inserts a provision in only one of two statutes that deal with a closely related subject, courts construe the omission as deliberate rather than inadvertent").  Indeed, as my client explained in its March 14 response, unauthorized disclosure of tax information exposes it to penalties.  To that end, such laws and regulations are strictly construed.  *See Mohamed v. C.I.R.*, 106 T.C.M. (CCH) 537 (T.C. 2013) (explaining that any effort to read a tax regulation "expansively must give way to the rule of lenity" that an "[a]mbiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor'") (citation omitted).  *See also Weiner v. United States*, 255 F. Supp. 2d 624, 650 (S.D. Tex. 2002) ("The tax laws are to be strictly construed."); *Ivan Allen Co. v. United States*, 422 U.S. 617, 627 (1975) ("The tax, although a penalty and therefore to be strictly construed"); *Hartford-Connecticut Trust Co. v. Eaton*, 34 F.2d 128, 130 (2d Cir. 1929) ("Tax laws are to be strictly construed, and a reasonable doubt should be resolved in favor of the taxpayer.").

This seems an appropriate reading given that tax returns and related financial information are given heightened protection in discovery.  *See Uroza v. Salt Lake County*, 2014 WL 670236, *5 (D. Utah Feb. 20, 2014) (indicating that tax returns are generally not discoverable unless a party's income is at issue); *Hernandez v. SFC Inc.*, 170 F.R.D. 182, 189 (D. Kan. 1997) ("This court has often refused discovery of tax returns.  Public policy protects against their production."); *Rahman v. Smith & Wollensky Rest. Group, Inc.*, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007) (explaining that tax returns qualify as protected matter and "[c]ourts have been reluctant to require disclosure of tax returns because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'").  In fact, the discovering party is generally required to demonstrate that 1) the returns are relevant to the subject matter of the action and 2) a compelling need for the information.  *Id*. *See also Delpilar v. Foodfest Depot, LLC*, 2015 WL 9460141, at *1 (S.D.N.Y. Dec. 23, 2015) (same).

It does not seem consistent with these requirements and concerns that one could bypass any showing by simply issuing a subpoena directly to the accountant.  Hence the need for a "court order."  Of course, if you can provide me authority directly on point—holding that a subpoena issued by a party to an accounting firm is considered a "court order" under 26 CFR § 301.7216-2(f)(1), I am willing to reconsider this position.  But at this point, I believe my client's initial response and objection to the subpoena was correct and appropriate.

That said, I am informed that we can most likely obtain the consent for release of responsive information if it is produced pursuant to a protective order restricting its use.  To that end, if you could provide me with such an order for my review, it would be appreciated.  Otherwise, if you are inclined to move forward on a motion to compel, as you know, it must be done in Utah, the district where compliance is required.  *See* Fed. R. Civ. P. 45(c)(2)(A), (d)(2)(B) & advisory notes ("To protect local nonparties, local resolution of disputes about subpoena is assured by the limitations of Rule 45(c) …").

In light of the above, I hope you can appreciate my client's cautionary approach to this matter.  If you have any questions or would like to discuss this matter in further detail, do not hesitate to contact me.

Bryan


**Bryan J. Pattison | Attorney at Law**
Durham Jones & Pinegar, P.C.
192 East 200 North, Third Floor | St. George, UT 84770
Phone: 435.674.0400 | Fax: 435.628.1610
www.djplaw.com | bpattison@djplaw.com



This email message is for the sole use of the intended recipient(s) and may contain privileged or confidential information. Unauthorized use, distribution, review or disclosure is prohibited. If you are not the intended recipient, please contact bpattison@djplaw.com by reply email and destroy all copies of the original message.

 Please consider the environment before printing this e-mail.

SALT LAKE CITY | LEHI | OGDEN | ST. GEORGE | LAS VEGAS