# EXHIBIT F

# chapman | spingola
### ATTORNEYS AT LAW

Douglas F. McMeyer
Phone | (312) 606-8742
E-mail | dmcmeyer@chapmanspingola.com

March 16, 2017

**VIA CMRR # 70153430000041911852**
**U.S. MAIL, & PDF/EMAIL**

John Bangerter
Bangerter, Lund & Associates
300 South 200 West
Bountiful, Utah 84010
john@bangertercpa.com

Re: *Arma Yates, LLC, et al. v. Arma Care Center, LLC, et al,*; **Civil Action No. 1:15-cv-7171, pending in the United States District Court for the Northern District of Illinois, Eastern Division**

Dear Mr. Bangerter:

We are in receipt of your letter, dated March 14, 2017, regarding the federal court subpoena served on your firm in the above referenced matter. Please be advised that the legal authority upon which you rely to support your position that your firm is "unable to produce any tax related documents without the consent of the taxpayer" is erroneous.

Specifically, 26 CFR 301.7216-2 does not apply to a request for production of documents pursuant to a court order. That section reads, in pertinent part:

> **(f)** D*isclosure pursuant to an order of a court, or an administrative order, demand, request, summons or subpoena which is issued in the performance of its duties by a Federal or State agency, the United States Congress, a professional association ethics committee or board, or the Public Company Accounting Oversight Board.* The provisions of section 7216(a) and § 301.7216-1 will not apply to any disclosure of tax return information if the disclosure is made pursuant to any one of the following documents:
>
> (1) The order of any court of record, Federal, State, or local.

Further, the Seventh Circuit Court of Appeals (the federal circuit court having jurisdiction over the court from which the subpoena served upon your firm was issued) has ruled that the subject subpoena does constitute a court order. In *SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010) and the cases following this opinion, the Seventh Circuit makes clear that a subpoena served by an attorney constitutes a court order. *See Moss v. Putnam County Hospital*, 860 F. Supp. 2d 659, 661 (S.D. Ind. 2011) ("The Seventh Circuit recently reaffirmed that a subpoena *duces tecum* served by an attorney is an 'order of the court.'"); *Moore v. Chase Inc.*, 2015 U.S. Dist. LEXIS 133381 at *6 (E.D. Cal. Sep. 29, 2015) ("Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court.").

chapman|spingola
ATTORNEYS AT LAW

    Based on the foregoing, we would urge you to reconsider your legal position and produce the subpoenaed documents forthwith. Failure to produce the documents on or before March 31, 2017, will require our clients to seek court intervention to compel compliance with the terms of the subpoena served upon your firm, in which event our clients reserve the right to seek reimbursement from your firm for their costs and expenses.

    Your prompt attention to this matter is required.

Sincerely,

*Douglas F. McMeyer* [electronic signature]

Douglas F. McMeyer

cc:    Melanie Grayson, Esq.    (*Via email*)
       Leighton Aiken, Esq.    (*Via email*)